**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Ray Fuqua, | No. CV-22-08018-PCT-DJH |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

After filing his Petition for Writ of Habeas Corpus, *pro se* Petitioner Michael Ray Fuqua ("Petitioner") sought permission from Magistrate Judge James Metcalf to expand the habeas review record ("Motions to Expand" or "Motions"). (Docs. 25 and 32). In his Report and Recommendation ("R&R") on the underlying Petition, Magistrate Judge James F. Metcalf recommends denying Petitioner's Motions. (Doc. 34). Petitioner has since filed a timely Objection to the R&R, in which he objects, in part, to the R&R's conclusions on his Motions.

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). After reviewing those portions of the R&R *de novo*, the Court adopts the recommendations as

they pertain to Petitioner's Motions and denies the same.[1]

**I.    Petitioner's Motions to Expand (Docs. 25 and 32)**

Petitioner seeks to add ten records in his first Motion to Expand the Record (Doc. 25), which he filed concurrently with his Reply in support of his Petition. Respondents provided eight of the ten records requested with their Response to the Motion, and thus these documents are no longer at issue. (Doc. 27). However, Respondents objected to Petitioner's request that the habeas record be expanded to include (1) his state grand jury proceeding transcripts and (2) the summary judgment filings from his prisoner's conditions lawsuit.[2] (Doc. 27). Respondents argue that the grand jury proceeding transcripts are sealed by state law, and that because none of these records were before the state courts, 28 U.S.C. § 2254(e)(2) precludes them for consideration on federal habeas review. Petitioner did not file a reply.

In his second Motion to Expand the Record (Doc. 32), Petitioner seeks to add (1) audio recordings of his voice so that the Court can compare and conclude that the State falsified evidence; (2) the State's disclosure in his state court case; and (3) the state grand jury proceeding transcripts (again). Respondents argue that only one of the audio recordings requested were used in his state court proceeding, and thus there would be no basis for comparison as the remainder were not considered by those courts. They further contend that the requested disclosure of the "State's Initial Disclosure" has been produced and is complete because the State was not required to file with the state court all the documents that accompanied the Disclosure Statement. Regarding the grand jury proceedings, Respondents reiterate the arguments they made in their Response to the first Motion. Petitioner again did not file a reply.

Magistrate Judge Metcalf recommends denying Petitioner's Motions because the requested files are not relevant to any of the claims or defenses in the Petition, and because the records were not before the state courts. He says Petitioner cannot establish that

---

[1] An Order on Petitioner's Petition for Writ of Habeas Corpus will issue separately.

[2] *See Fuqua v. Butler*, CV-07- 8051-PCT-NVW, Docs. 83-84, 86) (challenging his conditions of confinement during Petitioner's first state PCR proceeding).

supplementation on federal habeas review is warranted under 28 U.S.C. § 2254(e)(2). (Doc. 34 at 14).

**II.     Discussion**

The standard to expand the state court record under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is stringent. 28 U.S.C. § 2254(e)(2) states that

> If [a habeas] applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

These restrictions apply equally when a petitioner argues that other forms of new evidence justify habeas relief, even without an evidentiary hearing. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1738 (2022) (rejecting the argument that § 2254(e)(2) bars only "an evidentiary hearing on the claim" and finding that when a habeas court "admits or reviews new evidence for any purpose, it may not consider that evidence on the merits" unless the exceptions in § 2254(e)(2) are satisfied). *See also Holland v. Jackson*, 542 U.S. 649, 653 (2004).

Petitioner does not object to the R&R's factual or legal conclusions that the documents sought in his Motions are not relevant and/or were not before the state courts when they reviewed his claims. Instead, he says his failure to submit a reply to his second Motion was because he never received Respondents' Response. (Doc. 35 at 3). He also generally argues that any failure to develop facts in the state court should be excused by the unethical behavior of the state prosecutor and judge. (*Id.* at 4).

The Court overrules these objections. Petitioner does not explain what additional

information or arguments he would have made in his reply in support of his second Motion to Expand, even assuming he did not receive Respondents' Response.[3]  And beyond Petitioner's generalized assertions that he was subject to bias and unethical behavior and rulings from the state prosecutor and judge, nothing supports his position that his failure to develop the factual record with the documents identified in his Motions should be excused. The stringent requirements of 28 U.S.C. § 2254(e)(2) preclude a federal court's review of new evidence except in specific, exceptional circumstances.  Petitioner has not shown that these circumstances exist here.

The Court has reviewed the R&R's extensive findings on the Motions and agrees with the legal conclusions reached therein.

Accordingly,

**IT IS ORDERED** that Petitioner's Motions to Expand (Doc. 25 and 32) are **denied**.

Dated this 8th day of March, 2023.

Honorable Diane J. Humetewa
United States District Judge

---

[3]  The docket reflects that notice was electronically mailed to Petitioner at Lewis_Rast_scanner@azcorrections.gov on September 23, 2022, at 4:49 p.m. MST.