**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Ray Fuqua, | No. CV-22-08018-PCT-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Party, et al., | |
| Respondents. | |

Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") analyzing Petitioner Michal Fuqua's petition for writ of habeas corpus. The R&R recommends the petition be denied. (Doc. 34). Petitioner filed objections. (Doc. 35). Based on those objections, the Court reviewed do novo the portions of the R&R Petitioner argues are incorrect. Having done so, the R&R will be adopted in full.

## BACKGROUND

In 2005, Petitioner was charged with various crimes related to the sale of dangerous drugs. That same year, in a separate case, Petitioner was charged with conspiracy to commit murder. That second case stemmed from Petitioner's plan to arrange for the murder of the informant in the drug-related case. (Doc. 20-10 at 22). The cases had separate case numbers and were treated as separate matters from the beginning. However, the prosecutor and Petitioner engaged in plea negotiations where both cases would be resolved in a package deal. Petitioner rejected the offered plea and both cases proceeded to separate trials.

Petitioner was convicted in both cases. The two cases have complicated post-conviction histories, but the present case involves only the convictions on the drug-related offenses. For purposes of understanding the history of the drug-related offenses, the conspiracy conviction can be ignored. On March 7, 2007, Petitioner was sentenced for the drugs-related offenses to numerous concurrent prison terms with the longest term being 19.75 years. On direct appeal, the Arizona Court of Appeals affirmed the convictions and sentences. (Doc. 20-5 at 374). After the court of appeals' decision Petitioner was granted an extension of time through November 10, 2008, to seek review by the Arizona Supreme Court. Petitioner did not file for such review.

A few weeks after the Arizona Court of Appeals' decision on his direct appeal, Petitioner commenced his first post-conviction relief proceeding in the state trial court. (Doc. 20-5 at 376). Over the following months, that proceeding saw the appointment of three different attorneys for Petitioner. Once the petition was fully briefed, the trial court conducted multiple evidentiary hearings. Eventually, in January 2011, the trial court ruled Petitioner had received ineffective assistance of trial counsel. (Doc. 20-8 at 2). The court vacated the convictions and sentences. On April 9, 2013, the Arizona Court of Appeals reversed that ruling. The appellate court found Petitioner had not established he suffered prejudice because of his counsel's allegedly deficient performance. Petitioner sought review by the Arizona Supreme Court but, on November 26, 2013, the supreme court denied review. To be clear, Petitioner's first post-conviction relief proceedings terminated in November 2013.

In December 2013, Petitioner filed a second petition for post-conviction relief in state court. (Doc. 20-8 at 78). The second petition focused on alleged ineffective assistance of counsel in Petitioner's first post-conviction relief proceeding. The trial court denied all relief. Petitioner sought review by the Arizona Court of Appeals, but that court summarily affirmed stating there had been no abuse of discretion. (Doc. 20-11 at 117). The Arizona Supreme Court denied review on November 8, 2021. (Doc. 20-11 at 119). Petitioner filed his federal habeas petition on February 2, 2022. The petition was interpreted as asserting

four claims:

> (1) Petitioner received ineffective assistance of trial counsel;
>
> (2) Petitioner received ineffective assistance of appellate and post-conviction relief counsel;
>
> (3) Petitioner received ineffective assistance of counsel for his second petition for post-conviction relief; and
>
> (4) The Arizona Court of Appeals and Arizona Supreme Court erred in denying Petitioner post-conviction relief.

(Doc. 14 at 2).

In answering the petition, Respondents conceded the petition is timely. (Doc. 20 at 5). But Respondents argued some of the asserted claims were not cognizable, some claims were procedurally defaulted, and the claims that can be reached on the merits do not entitle Petitioner to relief.

**ANALYSIS**

The R&R's analysis can be divided into two parts. The R&R first analyzes those claims that do not allege violations of federal law, *i.e.*, claims not "cognizable" in a federal habeas petition. The R&R then analyzes the claims that are "cognizable." In the latter group, the R&R concludes some of the claims cannot be reached because they were not presented in state court. For those claims that were presented in state court and can be reached in this proceeding, they fail on their merits. Petitioner filed objections to the R&R but most of the objections are not to specific aspects of the R&R.

Petitioner's objections include general arguments regarding the law that applies to habeas proceedings. On the first page of his objections Petitioner seems to argue all the statutes and caselaw that apply to petitions for writs of habeas corpus should be rejected. According to Petitioner, "anti-defendant-prisoner legislation and cases . . . undermine the Country's trust in the U.S. Government" and violate Petitioner's "fundamental right to defend himself." (Doc. 35 at 2). Petitioner references the Second Amendment as establishing a right of self-defense. Petitioner concedes he is not entitled to "arms" in

1 prison, but he argues the right of self-defense means "anti-defendant-prisoner legislation
2 and cases" are unconstitutional because they deprive him of his right to self-defense.
3 Contrary to Petitioner's request, however, the Court cannot reject all "anti-defendant-
4 prisoner" legal authority. Instead, the Court must apply currently applicable statutes and
5 caselaw when evaluating his petition.

6 Despite beginning his objections with general statements, Petitioner does make
7 specific objections to portions of the R&R. Where the Court can understand the specific
8 objections Petitioner is making, the Court has reviewed the relevant portion of the R&R de
9 novo.

### I.     Claims Two, Three, and Four

The R&R sets forth in considerable detail why the second, third, and fourth claims are not cognizable in federal habeas. (Doc. 34 at 15-19). In brief, those claims present various arguments regarding the failure of Petitioner's counsel during his post-conviction relief proceedings in state court. As explained by the R&R, there is no federal claim when counsel is ineffective in the type of post-conviction relief proceedings at issue in this case. As stated by the Ninth Circuit, "a person cannot raise a claim of ineffective assistance of post-conviction relief counsel because he is not entitled to post-conviction relief counsel." *Hunton v. Sinclair*, 732 F.3d 1124, 1126 (9th Cir. 2013).

Petitioner's objections do not make any clear argument regarding this conclusion. He argues he was never "advised that . . . he did not have a right to effective counsel past a certain point." (Doc. 35 at 5). Assuming that is true, it does not change the fact that Petitioner was not entitled to counsel in his post-conviction relief proceedings and, because he was not entitled to counsel, Petitioner could not have received ineffective assistance of counsel. Petitioner also argues it violates the Equal Protection Clause for Arizona to provide counsel to individuals sentenced to death but not to criminal defendants not sentenced to death. According to Petitioner, "prison in Arizona is a harsher sentence than death." (Doc. 35 at 7). It does not violate the Equal Protection clause for the government to subject differently situated individuals to different treatment. *See, e.g.*, *City of Cleburne,*

*Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (explaining Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike"). In other words, Petitioner was not facing the death penalty and Arizona was free to treat him differently than individuals facing the death penalty.

Despite Petitioner's objection, the R&R is correct that claims two, three, and four are not cognizable in a federal habeas proceeding.

## II. Claim One

The R&R divides Petitioner's first claim involving ineffective assistance of trial counsel into five subparts, with one subpart containing ten discrete instances of ineffective assistance. (Doc. 34 at 6-7). The R&R describes why some of the five subparts should be deemed procedurally defaulted without excuse. Despite reviewing Petitioner's objections, it is not clear which aspects of the R&R's analysis Petitioner believes is incorrect. Even had Petitioner objected, however, de novo review establishes the R&R is correct because Petitioner did not present the ineffective assistance of counsel arguments to each required Arizona court. In fact, some arguments were not presented at all. The R&R concludes there is no basis to excuse that failure and Petitioner's objections do not provide any reason to question the R&R's conclusion.

The R&R also analyzes the alleged instances of ineffective assistance of counsel Petitioner presented to the state courts and that must be resolved on their merits in this proceeding. Because the state courts issued rulings rejecting Petitioner's arguments, the question is whether the state courts' rulings were not just incorrect but "unreasonable." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). This is a particularly difficult standard to meet in the context of claims alleging ineffective assistance of counsel. The state courts were required to apply a deferential standard when determining the effectiveness of trial counsel and a federal court must apply a deferential standard to the state courts' decisions. Thus, the state courts' rejection of his various arguments regarding ineffective assistance of counsel must be reviewed under a "doubly deferential" standard. *Id.*

The R&R analyzes the alleged instances of ineffectiveness of trial counsel and

concludes the state courts' rulings regarding these instances were not objectively unreasonable. (Doc. 34 at 44) (listing instances of alleged ineffective assistance). Petitioner's objections seem to reargue the same points in his original petition that the R&R analyzes and rejects. The objections do not clearly identify any error in the R&R's analysis. And even assuming Petitioner's objections were appropriately specific regarding the R&R's analysis on the exhausted claims, the state court's rejections of Petitioner's various theories were not objectively unreasonable.[1]

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 34) is **ADOPTED IN FULL** with the additional analysis above. The Motions to Expand Record (Doc. 25, 32) are **DENIED**. The petition for writ of habeas corpus (Doc. 13) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** the Motion for Certificate of Appealability (Doc. 39) is **DENIED**. Leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 15th day of September, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge

---

[1] The R&R recommends the Court deny Petitioner's motions to expand the record. (Doc. 25, 32). Upon de novo review, the R&R is correct that expanding the record is not merited.